**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Edgar Fabricio MELGAR–ARRAZOLA,**
**also known as Mario Melara, also**
**known as Edgar F. Melar, Defendant–**
**Appellant.**

No. 03–30986.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided June 23, 2004.

---

Michael Monroe Simpson, Stephen A Higginson, Assistant U.S. Attorney, U.S. Attorney's Office, New Orleans, LA, for Plaintiff–Appellee.

Robert F Barnard, Assistant Federal Public Defender, Robin Elise Schulberg, Federal Public Defender's Office, New Orleans, LA, for Defendant–Appellant.

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Edgar Fabricio Melgar–Arrazola ("Melgar") appeals from his guilty-plea conviction of illegally reentering the United States after having been deported and after having been convicted of an "aggravated felony," a violation of 8 U.S.C. § 1326. Melgar contends that the district court erred by denying his motion to suppress evidence of his deportation and to dismiss the indictment. He argues that his 1999 deportation proceeding violated the Due Process Clause because the immigration judge erroneously failed to inform him that he was eligible for discretionary relief from deportation under former § 212(c) of the Immigration and Nationality Act ("INA"). Melgar concedes that his contention is foreclosed by this court's case law, but he raises the claim to preserve it for further review.

An immigration judge's error in failing to inform an alien of eligibility for forms of discretionary relief under the INA does not violate the alien's right to due process. *United States v. Lopez–Ortiz,* 313 F.3d 225, 230–31 (5th Cir.2002), *cert. denied,* 537 U.S. 1135, 123 S.Ct. 922, 154 L.Ed.2d 827 (2003). The district court did not err by denying Melgar's motion to suppress evidence of his deportation and to dismiss his indictment.

AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.